

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00040-CV

**MATTHEW MARK HESLEP,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2008-1531-C1**

## ORDER OF REINSTATEMENT

By letter dated February 22, 2019, the Clerk of this Court notified appellant, Matthew Mark Heslep, that this appeal was subject to dismissal because the original filing fee had not been paid and warned appellant that the Court would dismiss the appeal unless, within ten days from the date of the letter, appellant paid the filing fee or obtained indigent status for the purpose of appeal. Ten days passed, and appellant did not pay the filing fee for this appeal or obtain indigent status. Accordingly, we dismissed

this appeal on March 13, 2019.  *See generally Heslep v. State*, No. 10-19-00040-CV, 2019 Tex. App. LEXIS 1997 (Tex. App.—Waco Mar. 13, 2019, no pet. h.) (mem. op.) (citing Tᴇx. R. Aᴘᴘ. P. 42.3(c)).

On March 14, 2019, this Court received an "Affidavit of Indigency" and a "Motion for Extension of Time to File a Docketing Statement" filed by appellant.  It appears from the content of these filings that appellant placed these filings in the prison mail system on March 6, 2019, which predates our March 13, 2019 dismissal of this action.  Because appellant indicated in his "Affidavit of Indigency" that he was indigent in the trial court and that his financial situation is unchanged, we hereby conclude that appellant established his indigency in this appeal.  And because the mailbox rule applies to appellant's affidavit that was placed in the prison mail system before our dismissal opinion, we sua sponte withdraw our March 13, 2019 opinion and judgment dismissing this case and reinstate this case to our docket.  *See* Tᴇx. R. Aᴘᴘ. P. 9.5(c).

That said, we recognize that, in this appeal, appellant is attempting to appeal from an August 24, 2018 withholding order.  Even if this order is an appealable order under *Harrell*, *see Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), more than ninety days have passed from the signing of the order; thus, it appears that Heslep's notice of appeal dated February 1, 2019 is untimely under the extended period of Texas Rule of Civil Procedure 306a.  *See* Tᴇx. R. Cɪᴠ. P. 306a.

Therefore, pursuant to Texas Rules of Appellate Procedure 42.3 and 44.3, appellant is notified that this case is subject to dismissal because it does not appear that his notice of appeal is timely. Accordingly, the Court may dismiss this appeal unless, within 21 days from the date of this order, a response is filed showing grounds for continuing the appeal.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Order issued and filed April 10, 2019
Do not publish

